# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

JOSEPH LARGER                              CASE NO. 3:20-CV-00361

VERSUS                                     JUDGE TERRY A. DOUGHTY

DOREL HOME FURNISHINGS, INC.               MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

On November 19, 2019, the law firm of Hales and Strickland, on behalf of their out-of-state client, Joseph Larger, filed the instant products liability suit in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, against Dorel Home Furnishings, Inc. ("Dorel").  *See* Petition.  A few days earlier, the law firm sent Larger a certified letter indicating that they wished to withdraw from the case and advising him that he should obtain new counsel if he intended to pursue the case.  (Nov. 14, 2019, Letter from M. Hales to J. Larger, [doc. # 1-1, pg. 13]).

After two months had passed without any word from Larger, Hales and Strickland filed a motion to withdraw as counsel.  *Id*., pgs. 10-11.  On January 22, 2020, the Honorable Robert Johnson of the Fourth Judicial District Court granted the motion, and afforded plaintiff 30 days to either retain new counsel, or to elect to proceed pro se.  (Jan. 22, 2020, Order [doc. # 1-1, pg. 12]).  There is no indication that plaintiff ever responded to the order.  Meanwhile, on March 19, 2020, defendant Dorel. removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

On April 15, 2020, the undersigned accorded plaintiff an additional 30 days in which to enroll new counsel, or to notify the court in writing that he intended to represent himself in this matter.  (May 15, 2020, Order [doc. # 8]).  The undersigned cautioned plaintiff that if he failed to exercise one of the foregoing options, then he risked dismissal of his suit pursuant to Rule 41 of

the Federal Rules of Civil Procedure.  *Id*.  To date, however, plaintiff has not responded to the latest order and deadline.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant.  *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations eventually may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has ignored more than one court order.  Furthermore,

dismissal of the case may be the least sanction where, as here, there is every indication that he no longer wishes to pursue his cause of action.[1] Finally, plaintiff's unrepentant flaunting of court orders[2] reflects his own contumaciousness or "stubborn resistance to authority"[3] which is personally attributable to him as a litigant unrepresented by counsel.[4]

Upon consideration, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court.  Fed.R.Civ.P. 41.  Accordingly,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice. Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[1]  Certainly, if plaintiff disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

[2]  This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[3]  *See Millan, supra.*

[4]  While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 21st day of May 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE